**Dung Van MAI, Petitioner—Appellant,**

v.

**K.W. PRUNTY, Warden, Respondent— Appellee.**

No. 02–55348.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 4, 2003.*

Decided Sept. 2, 2003.

---

William J. Kopeny, Esq., William J. Kopeny & Associates, Inc., Irvine, CA, for Petitioner–Appellant.

Vincent L. Rabago, DAG, Kevin R. Vienna, Esq., Office of the California Attorney General (San Diego); San Diego, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

#### MEMORANDUM **

Dung Van Mai ("Mai") appeals from the district court's denial of his § 2254 petition for habeas corpus relief. Mai was charged in California Superior Court with second degree attempted robbery, in violation of California Penal Code §§ 664, 211, 212.5(b) and 213(a)(2), false imprisonment by violence, in violation of California Penal Code § 236, and first degree murder in violation of California Penal Code § 187(a). Mai's criminal liability for murder rested on a theory that he committed a provocative act that resulted in the death of his robbery accomplice.[1] *See People v. Gilbert,* 63 Cal.2d 690, 47 Cal.Rptr. 909, 408 P.2d 365, 373–74 (Cal.1965) ("When the defendant or his accomplice, with a conscious disregard for life, intentionally commits an act that is likely to cause death, and his victim or a police officer kills in reasonable response to such act, the defendant is guilty of murder"), *vacated on other grounds,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

The trial court instructed the jury using a modified version of California Pattern Jury Instruction CALJIC 8.12, entitled "Murder—Killer Other Than Perpetrator of Crime." Mai alleges that the trial court's instruction violated his constitutional due process and Sixth Amendment rights because it (1) failed to instruct the jury that the provocative acts of his accomplice could not be used to determine Mai's guilt, and (2) allowed the jury to convict on less than proof of all the elements of the crime charged because they did not re-quire the alleged provocative act be "life-threatening."

In a published opinion, the California Court of Appeal carefully examined the history of the Provocative Act doctrine and ultimately determined that the jury instruction given during Mai's trial was deficient, but that in light of the entire record, the instructional error was harmless. *People v. Mai,* 22 Cal.App.4th 117, 27 Cal. Rptr.2d 141 (Cal.Ct.App.1994). Mai's subsequent appeals in the California courts were denied.

Mai filed the instant petition for a writ of habeas corpus in the Central District of California. The magistrate judge to whom the case was assigned found that, assuming instructional error at trial, the error was harmless because it "did not have [a] substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The district court adopted the magistrate judge's report and recommendation and entered judgment denying the petition. Mai appealed. We affirm.

Mai's petition was filed after April 24, 1996, and is therefore subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lockhart v. Terhune,* 250 F.3d 1223, 1228 (9th Cir.2001). Under AEDPA, this court may not grant habeas relief for any claim adjudicated on the merits in state court unless the state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Mai's accomplice was shot and killed by one of the victims of the armed robbery.

light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d). The determination of factual issues by the state court is presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

An instruction violates due process if it is unconstitutional and the resulting error is not harmless. *Calderon v. Coleman,* 525 U.S. 141, 145–47, 119 S.Ct. 500, 142 L.Ed.2d 521 (1998). A defective jury instruction justifies habeas relief if the "instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (citations omitted). The instruction " 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Id.* (quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)).

Omissions and misdescriptions in jury instructions that prevent a jury from resolving an element of the charged offense are typically subject to the *Brecht* harmless-error analysis.[2] *See Neder,* 527 U.S. at 9; *United States v. Montalvo,* 331 F.3d 1052, 1057 (9th Cir.2003) (per curiam). Under the *Brecht* standard,[3] alleged trial errors warrant a grant of habeas relief only if, in light of the record as a whole, the alleged error "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Id.* In light of the evidence introduced at trial and the instructions taken as a whole, we agree with the district court that any error in the trial court's instructions was harmless.

Mai suffered no prejudice as a result of the judge's refusal to instruct the jury that the conduct of his accomplice could not be considered when determining the proximate cause of his accomplice's death. The judge added a proximate cause instruction telling the jury that Mai's actions must be a proximate cause of his accomplice's death. In addition, there was ample evidence presented to the jury establishing that Mai committed his own provocative acts, including repeatedly threatening to kill his victims, placing his gun directly in the victims' faces, and repeatedly choking and beating the family matriarch on top of the head with a loaded gun despite pleas and admonitions from her sons that she suffered from heart-related health problems.

Likewise, Mai suffered no prejudice as a result of the trial judge's refusal to instruct the jury that a provocative act must be one that is "life-threatening." The jury instruction given stated that a provocative act is an act "deliberately performed with knowledge of the danger to and with conscious disregard for human life." There was strong evidence introduced at trial showing that Mai's conduct was more egregious and more violent than necessary to carry out the planned robbery. On the facts of this case we cannot say that the jury would have reached a different result absent the instructional error.

---

**2.** The application of harmless-error review in the context of a defective jury instruction may be inappropriate where the instruction "vitiates *all* the jury's findings[.]" *Neder v. United States,* 527 U.S. 1, 11, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (emphasis in original) (quoting *Sullivan v. Louisiana,* 508 U.S. 275, 281, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)). The use of a jury instruction that omits an element of the offense, however, is the type of trial error that is subject to the *Brecht* harmless error analysis. *See id.* at 9.

**3.** In habeas cases brought under § 2254, the *Brecht* standard of review applies, regardless of what, if any, type of harmless review was conducted by the state court. *Bains v. Cambra,* 204 F.3d 964, 976–77 (9th Cir.2000).

Given the weight of the state's evidence and the record as a whole, Mai has not shown the trial court's error had a substantial and injurious effect on or influenced the jury's verdict. *See Brecht,* 507 U.S. at 639 (considering the weight of the state's evidence in determining whether error was harmless).

AFFIRMED